UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. |
| | : | |
| v. | : | Grand Jury Original |
| | : | |
| DAVID P. DESSIN, | : | Violations: |
| | : | |
| Defendant. | : | 18 U.S.C. § 666(a)(1)(A)  (Theft |
| | : | Concerning Programs Receiving Federal |
| | : | Funds) |
| | : | |
| | : | 18 U.S.C. § 641 (Theft of Government |
| | : | Funds) |
| | : | |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| | : | |
| | : | 18 U.S.C. § 1028A (Aggravated Identity |
| | : | Theft) |
| | : | |
| | : | 18 U.S.C. § 2 (Aiding and Abetting and |
| | : | Causing an Act to be Done) |
| | : | |
| | : | 22 D.C. Code §§ 3221(a) and 3222(a) |
| | : | (First Degree Fraud) |
| | : | |
| | : | 22 D.C. Code §§ 3241, 3242(a)(3), (a)(4), |
| | : | and (c) (Uttering) |
| | : | |
| | : | Forfeiture: 18 U.S.C. § 981(a)(1)(C), |
| | : | 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p) |
| | : | |

INDICTMENT

The Grand Jury charges that:

1

## Introduction

At all times relevant to this Indictment:

1. The District of Columbia ("District" or "D.C.") was the capital of the United States of America. The District was a "State" as defined in Title 18, United States Code, Section 666(d)(4).

2. Each calendar year, the District received benefits in excess of $10,000 under federal programs involving grants, contracts, subsidies, loans, guarantees, insurances, and other forms of federal assistance. These benefits included appropriations from Congress to the District.

3. The District of Columbia Metropolitan Police Department ("MPD") was the primary law enforcement agency for the District.

4. The Federal Bureau of Investigation ("FBI") was a law enforcement agency of the United States responsible for upholding and enforcing the criminal laws of the United States, and for providing leadership and criminal justice services to federal, state, municipal, and international agencies and partners, including the District and MPD.

5. Defendant DAVID P. DESSIN ("DESSIN") was employed by MPD and assigned full-time as a Task Force Officer to the Washington Metropolitan Safe Streets Task Force ("Task Force"), which was a multi-jurisdictional task force composed of law enforcement officers from the FBI and various local law enforcement agencies, including MPD.

6. As an officer with MPD and as a Task Force Officer, defendant DESSIN earned a salary for work performed during a regular "tour of duty" on certain days in a given week. Defendant DESSIN also was eligible to work overtime as a Task Force Officer, subject to obtaining the preapproval of his supervisors authorizing the requested overtime hours. Pursuant

to a Memorandum of Understanding and a Cost Reimbursement Agreement, the FBI agreed to reimburse MPD for overtime payments made to officers assigned full-time to the Task Force. The Cost Reimbursement Agreement, however, provided for an annual limit of eligible overtime reimbursement per officer. MPD employees seeking payment for overtime work were required to complete MPD Form PD-1130, which was a time and attendance record that identified the employee's name, date of work, overtime hours, type of work, case name, and description.

### The Scheme

7. Defendant DESSIN caused documents containing false information relating to purported hours of overtime work to be submitted to MPD to obtain payment for overtime work that defendant DESSIN had not performed. On at least 54 separate occasions, defendant DESSIN submitted a Form PD-1130 that falsely represented that he had worked certain hours of overtime when, in truth and in fact, he had not worked the hours of overtime claimed on the form. On numerous occasions, in an effort to circumvent the approval process, and as a means of eluding detection of his fraudulent submissions, defendant DESSIN placed a photocopy of his supervising official's signature on his Form PD-1130. Defendant DESSIN also submitted the forms directly to the time and attendance clerk shortly before the payroll closed for a particular time period, allowing defendant DESSIN to bypass the required approval process.

8. For example, on or about July 20, 2010, in the District of Columbia and elsewhere, defendant DESSIN did knowingly prepare and willfully submit a series of Forms PD-1130 relating to overtime work purportedly performed on multiple dates between July 4 and 17, 2010. Specifically, on the submitted Forms PD-1130, defendant DESSIN falsely claimed that he had worked overtime hours on July 8, 9, 12, and 14, 2010, when, in truth and in fact, defendant DESSIN had not worked the hours of overtime claimed on those dates.

9. Similarly, and for example, on or about August 31, 2010, in the District of Columbia and elsewhere, defendant DESSIN did knowingly prepare and willfully submit a series of Forms PD-1130 relating to overtime work purportedly performed on multiple dates between August 15 and 28, 2010. Specifically, on the submitted Forms PD-1130, defendant DESSIN falsely claimed that he had worked overtime hours on August 16, 17, 18, and 24, 2010, when, in truth and in fact, defendant DESSIN had not worked the hours of overtime claimed on those dates.

10. With respect to the overtime hours claimed for August 16, 2010, defendant DESSIN falsely claimed on a Form PD-1130 to have been performing surveillance in Fort Washington, Maryland, when in truth and in fact, defendant DESSIN was at a Mexican restaurant in Arlington, Virginia.

11. With respect to the overtime hours claimed for August 24, 2010, defendant DESSIN falsely claimed on a Form PD-1130 to have been performing surveillance in Suitland, Maryland, when in truth and in fact, defendant DESSIN was in Herndon, Virginia.

12. Similarly, and for example, on or about October 26 and November 8, 2010, in the District of Columbia and elsewhere, defendant DESSIN did knowingly prepare and willfully submit a series of Forms PD-1130 relating to overtime work purportedly performed on multiple dates between October 10 and November 6, 2010. Specifically, on the submitted Forms PD-1130, defendant DESSIN falsely claimed that he had worked overtime hours on October 11, 12, 13, 14, 15, 18, 22, 25, and 27, 2010, and on November 2, 3, and 4, 2010, when, in truth and in fact, defendant DESSIN had not worked the hours of overtime claimed on those dates.

13. Similarly, and for example, on or about March 15 and 29, 2011, in the District of Columbia and elsewhere, defendant DESSIN did knowingly prepare and willfully submit a series

of Forms PD-1130 relating to overtime work purportedly performed on multiple dates between February 27 and March 26, 2011. Specifically, on the submitted Forms PD-1130, defendant DESSIN falsely claimed that he had worked overtime hours on March 2, 7, 16, 24, and 25, when, in truth and in fact, defendant DESSIN had not worked the hours of overtime claimed on those dates.

14. Similarly, and for example, on or about May 10, 2011, in the District of Columbia and elsewhere, defendant DESSIN did knowingly prepare and willfully submit a series of Forms PD-1130 relating to overtime work purportedly performed on multiple dates between April 24 and May 7, 2011. Specifically, on the submitted Forms PD-1130, defendant DESSIN falsely claimed that he had worked overtime hours on April 26 and 27, 2011, and on May 2, 3, and 5, 2011, when, in truth and in fact, defendant DESSIN had not worked the hours of overtime claimed on those dates.

15. By engaging in this conduct, defendant DESSIN fraudulently obtained overtime pay from MPD and the District relating to at least 223 hours of claimed overtime work that was not actually performed. As a result of the scheme, defendant DESSIN fraudulently obtained at least $13,380 in overtime pay to which he was not entitled.

## COUNT ONE
### (Theft Concerning Programs Receiving Federal Funds)

16. Paragraphs 1 through 15 of this Indictment are realleged and incorporated by reference as if set out in full.

17. Between on or about October 22, 2010, and on or about May 10, 2011, in the District of Columbia and elsewhere, defendant DAVID DESSIN, being an agent of the District, said government receiving in the one-year period between January 1 and December 31, 2010, and the one-year period between January 1 and December 31, 2011, benefits in excess of

$10,000 under federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of federal assistance in each one-year period, participated in a scheme that knowingly and intentionally embezzled, stole, obtained by fraud, without authority knowingly converted to the use of a person not the rightful owner, and intentionally misapplied property worth at least $5,000 and owned by and under the care, custody, and control of the District of Columbia, that is, approximately $13,380 of District funds from MPD.

**(Theft Concerning Programs Receiving Federal Funds, in violation of Title 18, United States Code, Section 666(a)(1)(A))**

## COUNT TWO
### (Theft of Government Funds)

18. Paragraphs 1 through 15 of this Indictment are realleged and incorporated by reference as if set out in full.

19. Between on or about October 22, 2010, and on or about May 10, 2011, defendant DAVID DESSIN, without authorization, in the District of Columbia and elsewhere, embezzled, stole, purloined, and knowingly converted to his own use more than $1,000 belonging to the United States government, through reimbursements paid by the United States government to the District of Columbia and MPD, as a result of defendant DESSIN's scheme.

**(Theft of Government Funds, in violation of Title 18, United States Code, Section 641)**

## COUNTS THREE THROUGH FIVE
### (Wire Fraud)

20. Paragraphs 1 through 15 of this Indictment are realleged and incorporated by reference as if set out in full.

21. On or about each of the dates specified below, in the District of Columbia and elsewhere, defendant DAVID DESSIN, having devised and intended to devise a scheme and

6

artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did knowingly and willfully transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice to defraud, as described in each count below, each transmission constituting a separate count:

| COUNT | ON OR ABOUT DATE | ELECTRONIC WIRE |
|---|---|---|
| THREE | November 1, 2010 | Electronic file transmission from the District of Columbia to North Carolina incident to the processing of District of Columbia payroll for the pay period of October 10 to October 23, 2010. |
| FOUR | November 15, 2010 | Electronic file transmission from the District of Columbia to North Carolina incident to the processing of District of Columbia payroll for the pay period of October 24 to November 6, 2010. |
| FIVE | May 17, 2011 | Electronic file transmission from the District of Columbia to North Carolina incident to the processing of District of Columbia payroll for the pay period of April 24 to May 7, 2011. |

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

**COUNTS SIX THROUGH SEVEN**
**(Aggravated Identity Theft)**

22. Paragraphs 1 through 15 of this Indictment are realleged and incorporated by reference as if set out in full.

23. Between on or about October 22, 2010, and on or about May 10, 2011, in the District of Columbia and elsewhere, defendant DAVID DESSIN did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, as described

below for each count, during and in relation to violations of Title 18, United States Code, Sections 641 (theft of government funds) and 1343 (wire fraud):

| COUNT | INDIVIDUAL | **MEANS OF IDENTIFICATION TRANSFERRED, POSSESSED, AND USED** |
|---|---|---|
| SIX | E.B. | Name |
| SEVEN | W.G. | Name |

24.     Defendant DAVID DESSIN transferred, possessed, and used the means of identification identified in paragraph 23 above in furtherance of a scheme to defraud and theft of government funds.

**(Aggravated Identity Theft, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1028A and 2)**

## COUNT EIGHT
**(First Degree Fraud)**

25.     Paragraphs 1 through 15 of this Indictment are realleged and incorporated by reference as if set out in full.

26.     Between on or about July 8, 2010, and on or about May 10, 2011, in the District of Columbia and elsewhere, defendant DAVID DESSIN engaged in a scheme and systematic course of conduct with intent to defraud and to obtain property of another by means of a materially false and fraudulent pretense, representation, and promise, and thereby obtained property of another of a value of $1,000 or more and caused another to lose property of a value of $1,000 or more, that is, approximately $13,380 of District of Columbia funds from MPD.

(First Degree Fraud, in violation of D.C. Code,
Sections 22-3221(a) and 22-3222(a) (2001 ed.))

## COUNTS NINE THROUGH TWELVE
(Uttering)

27. Paragraphs 1 through 15 of this Indictment are realleged and incorporated by reference as if set out in full.

28. On or about each of the dates specified below, within the District of Columbia, defendant DAVID DESSIN with intent to defraud and injure another issued, authenticated, transferred, published, sold, delivered, transmitted, presented, displayed, used, and certified to an employee with the District of Columbia Metropolitan Police Department, as true and genuine, a falsely made and altered Metropolitan Police Department Form PD-1130 (Time and Attendance Report), knowing that Metropolitan Police Department Form PD-1130 (Time and Attendance Report) to have been falsely made and forged.

| COUNT | ON OR ABOUT DATE | SUPERVISING OFFICIAL |
|---|---|---|
| NINE | August 16, 2010 | E.B. |
| TEN | August 24, 2010 | E.B. |
| ELEVEN | May 2, 2011 | W.G. |
| TWELVE | May 3, 2011 | W.G. |

**(Uttering, in violation of D.C. Code,
Sections 22-3241, 22-3242(a)(3), (a)(4), and (c) (2001 ed.))**

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Counts One through Five of the Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

```
```

A TRUE BILL:


FOREPERSON


*[signature]*
ATTORNEY FOR THE UNITED STATES
IN AND FOR THE DISTRICT OF COLUMBIA